For the foregoing reasons, the district court's decision is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David W. TRENTER, Defendant–
Appellant.**

**No. 99–30226.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 18, 2000.[1]

Decided Feb. 7, 2000.

James L. Vonash, Seattle, Washington, for the defendant-appellant.

Lawrence R. Lincoln, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

Before: BEEZER, O'SCANNLAIN and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This appeal requires us to decide whether a district court possesses the authority under 18 U.S.C. § 3583(e) to reinstate a term of supervised release after a defendant has violated the conditions of that release. We hold that it does.

I

In 1993, David Trenter was convicted of aiding and abetting armed bank robbery and sentenced to sixty-three months imprisonment followed by five years of supervised release. His period of supervised release began on June 26, 1997. Less than two months later, on August 13, 1997, Trenter fled the state of Washington, thereby violating several conditions of his supervised release. He remained at large for almost two years until May 6, 1999,

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

when he was finally apprehended in Chicago, Illinois.

Following his arrest, Trenter was detained and returned to the Western District of Washington, where he appeared before a magistrate judge and admitted violating the conditions of his supervised release. The magistrate judge ordered that Trenter continue to be detained pending a disposition hearing before the district court. At the disposition hearing, held on July 7, 1999, the district court reinstated the original five-year term of supervised release, tolling the period between 1997 and 1999 during which Trenter was a fugitive. Trenter now timely appeals from the district court's order reinstating his five-year supervised release.

## II

Whether the district court had authority under 18 U.S.C. § 3583(e) to reinstate Trenter's original term of supervised release is a question of law that we review *de novo*. *See United States v. Mejia–Sanchez*, 172 F.3d 1172, 1174 (9th Cir.), *cert. denied*, —– U.S. —––, 120 S.Ct. 438, 145 L.Ed.2d 343 (1999). It is also a question of first impression. Thus, "we look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) (quoting *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 830 (9th Cir.1996)). Having closely examined the statute, we conclude that reinstatement of supervised release is one of the powers granted the district court under § 3583(e).

Under § 3583(e), a district court may take several courses of action to modify or revoke a person's supervised release. 18 U.S.C. § 3583(e). The district court may terminate supervised release after one year if it is satisfied that the person no longer requires supervision. *See id.* § 3583(e)(1). Alternatively, the district court may extend the length of supervision and also modify the conditions thereof at any time before the term of supervised release has expired or been terminated.

*See id.* § 3583(e)(2). Finally, the district court may revoke a person's supervised release and require the person to spend all or part of the release term in prison if the person has violated a condition of the supervised release. *See id.* § 3583(e)(3).

When selecting among its options under § 3583(e), the district court must first assess certain factors, as set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). To the extent relevant here, § 3553(a) provides that, "in the case of a violation of probation or supervised release," the district court must consider "the applicable guidelines and policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(3) of title 28, United States Code." 18 U.S.C. § 3553(a)(4)(B). Consequently, in determining whether § 3583(e) permits the reinstatement of supervised release, we are compelled by the very terms of § 3583(e) to consider any relevant Sentencing Guidelines or policy statements. *See also Stinson v. United States*, 508 U.S. 36, 42–43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (holding that Sentencing Guidelines as well as corresponding policy statements are "binding on federal courts").

The Sentencing Commission has promulgated a policy statement that addresses the precise issue before us. Specifically, the Commission has stated that when a court finds that a defendant has violated a condition of supervised release, "it may continue the defendant on supervised release, with or without extending the term or modifying the conditions[.]" U.S.S.G. Ch. 7, Pt. A, intro. comment 2(b). Because this policy statement binds federal courts pursuant to § 3553(a)(4)(B), it provides a clear answer to the question presented in this case: a district court has authority under § 3583(e) to reinstate a person's supervised release after that person has violated the conditions of the release. Accordingly, we must affirm the district court's order reinstating Trenter's original term of supervised release.

In so holding, we reject Trenter's contention that the reinstatement of his original five-year supervised release runs afoul of our decision in *United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990). In *Behnezhad*, we were concerned with an entirely different issue, namely whether a district court could "revoke a person's supervised release, order a term of incarceration and then order another term of supervised release." *Id.* at 898. We held that it could not under § 3583 as it then existed in 1990.[2] *See id.* Here, the district court did not revoke Trenter's original supervised release and then order a period of incarceration to be followed by another term of supervised release. Rather, the district court simply reinstated Trenter's original term of supervised release, which the district court was authorized to do. *Behnezhad* is inapposite, therefore, and in no way controls the outcome of this case.

### III

In sum, we hold that district courts possess the authority under 18 U.S.C. § 3583(e) to reinstate a defendant's term of supervised release after the defendant has been found to have violated the conditions of that release. Thus, we affirm the district court's order in this case reinstating Trenter's original five-year term of supervised release.

AFFIRMED.

**2.** Our decision in *Behnezhad* was superseded by statute in 1994, when Congress enacted 18 U.S.C. § 3583(h). Section 3583(h) authorizes district courts to revoke supervised release, incarcerate the defendant, and then impose a new term of supervised release.