**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James A. MILLER, Defendant–
Appellant.**

**No. 99–10094.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 1999*

Decided March 8, 2000

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a); 9th Cir. R. 34–4.

Alexander Silvert, Assistant Federal Public Defender, Honolulu, Hawaii, for the defendant-appellant.

Lawrence L. Tong, Assistant United States Attorney, and Craig Nakamura, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

Before: BRIGHT,** PREGERSON, and W. FLETCHER, Circuit Judges.

BRIGHT, Circuit Judge:

James A. Miller ("Miller") moved to modify his fine following his felony conviction, but the district court dismissed Miller's motion for lack of jurisdiction. In this appeal, Miller argues that-at least where payment of a fine is made an express condition of supervised release–18 U.S.C. § 3583(e)(2) gives the district courts authority to hear such motions. We agree and therefore REVERSE and REMAND.

## I. BACKGROUND

Miller-a soldier in the United States Army, stationed in Hawaii-pleaded guilty to one count of transmitting child pornography over the Internet, in violation of 18 U.S.C. § 2252(a)(1). The district court sentenced Miller to six months in prison, three years of supervised release, and a $6,000 fine.

The text of the court's judgment includes two passages relevant to this appeal. First, a section titled "Supervised Release," contains a paragraph that states:

> [I]t shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Second, the "Schedule of Payments" states in turn that:

> [Miller] shall pay a fine of $6,000.00 of which $3,000.00 is payable within two (2) months and $3,000.00 is payable at a rate of $100.00 per month, as directed by the Probation Office.

After completing his prison sentence, Miller enrolled in a vocational training program near Orlando, Florida. By all accounts, Miller kept his probation officer in the District of Hawaii informed of his plans, and officials at the Probation Office for the Middle District of Florida gave Miller provisional approval to transfer his supervised release to that jurisdiction. Relying on this provisional approval, Miller arranged for the Army to ship his personal belongings from Hawaii to Florida. In the meantime, however, citing a local policy against accepting the supervision of sex offenders from outside its own district, the Probation Office in Florida retracted its earlier agreement to monitor Miller and refused to accept the transfer of his supervised release.

Miller subsequently enrolled in a second vocational program-this time in Arizona-and the Probation Office there agreed to monitor him. Unfortunately, however, Miller was unable to stop the Army before it shipped his belongings to Florida; after his belongings arrived in Florida, Miller was forced to re-ship them to Arizona at a personal cost of $2,438.

---

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

On December 15, 1998, Miller filed a motion with the district court which sought to modify the terms of his supervised release. Arguing that his re-shipment costs arose because of government conduct, Miller's motion asked the court to credit these costs against the portion of his fine still owing. The government's written response asserted that the court lacked jurisdiction to modify a fine that was imposed as part of an already-final sentence.

In a brief order, the district court agreed with the government that the court lacked jurisdiction and denied Miller's motion on that basis. In so doing, the court reasoned, in part, that because Miller's fine was imposed independently of the conditions of his supervised release, the court had no power to credit Miller's re-shipment costs against his fine.

On February 26, 1999, Miller filed a timely notice of appeal. He argues, inter alia, that the payment of his fine was made an express condition of his supervised release and that it is thus subject to modification under 18 U.S.C. § 3583(e)(2).

## II. DISCUSSION

■ Whether a district court has authority under 18 U.S.C. § 3583(e) to modify a fine—at least when payment of that fine is made an express condition of supervised release—is a question of law that we review de novo. *See United States v. Trenter*, 201 F.3d 1262, 1262–63 (9th Cir. 2000). Because this is also a question of first impression, we must "look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy." *Id.* (quoting *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir.1999)).

■ The statute at issue here, 18 U.S.C. § 3583(e), under the heading "Modification of conditions or revocation," provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), *(a)(2)(D)*, (a)(4), (a)(5), and (a)(6)—
>
> .    .    .    .    .

> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and *may modify, reduce, or enlarge the conditions of supervised release*, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision; . . . .

18 U.S.C. § 3583(e) (1999) (emphasis added). Thus, the plain language of the statute indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release.

■ In this case, the district court rejected Miller's motion for modification and ruled that it lacked jurisdiction under § 3583(e)(2) because Miller's fine "was imposed independently of the special conditions." E.R. at 72–73. Although it is true that the fine was "imposed" by the court's written judgment, rather than by the conditions of supervised release per se, that circumstance does not strip § 3583(e)(2) of its meaning. Indeed, even if the original $6,000 fine was imposed by the court's judgment, payment of $3,000, in $100 monthly installments, was nevertheless expressly made a condition of supervised release. Therefore, because the payment of $3,000 of Miller's fine is a condition of his supervised release, § 3583(e)(2) gives the district court the power to modify that portion of the fine. On remand, the sentencing court may consider crediting Miller's re-shipment costs against his remaining fine. In short, we hold that § 3583(e)(2) may be used to modify the requirement that an individual pay any portion of a fine which is made an express condition of supervised release.

This result is in keeping with the penological objectives and policies of § 3553(a). As a general matter, the Second Circuit has noted that:

Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release ... in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *United States v. Lussier,* 104 F.3d 32, 36 (2nd Cir. 1997).[1] *See also United States v. Truss,* 4 F.3d 437, 439 (6th Cir.1993) (noting that § 3583(e)(2) "recogniz[es] that the 'sentencing court must be able to respond to changes in the [defendant's] circumstances as well as new ideas and methods of rehabilitation'") (quoting Fed.R.Crim.P. 32.1(b) Advisory Committee Note).

 More specifically, the first clause of § 3583(e) obligates courts to consider a litany of factors, incorporated by reference, that are germane to the modification of supervised release. The defendant's need for vocational training is listed among these factors. *See* 18 U.S.C. § 3553(a)(2)(D). Thus, § 3583(e) also plainly makes the defendant's need for vocational training a relevant factor when a district court considers motions to modify terms of supervised release.

Here, Miller alleges a type of changed circumstance that, if true, may justify judicial modification of a defendant's supervised release. Specifically, Miller's reliance on the word of the Probation Office

that it would accept the transfer of his supervised release, and the Probation Office's subsequent revocation of that acceptance, created changed circumstances. We leave it to the district court, on remand, to determine the truth and consequences of these changed circumstances.

### III. CONCLUSION

In short, we hold that § 3583(e)(2) provides jurisdiction for the district court to modify the payment of the remainder of a defendant's fine when such payment is made a condition of supervised release. As a result, we REVERSE and REMAND to the district court for a hearing on the merits of Miller's motion.

---

1. The government urges that we consider *Lussier* and a second case, *United States v. Hatten,* 167 F.3d 884 (5th Cir.1999), for a very different proposition-namely that § 3583(e)(2) may *not* be used to modify a fine, the payment of which is a condition of supervised release. We decline to do so not only because the plain meaning of § 3583(e)(2) leads us to the opposite conclusion, but also because both *Lussier* and *Hatten* hold only that § 3583(e)(2) may not be used as a backdoor to challenge the

*legality* of a sentence. *See Lussier,* 104 F.3d at 34–37 (legality of sentence must be challenged either directly or by habeas corpus); *Hatten,* 167 F.3d at 886 (same). In this case, Miller makes no challenge-direct or otherwise-to the legality of his sentence. On the contrary, he acknowledges the validity of his fine and merely seeks modification of the portion incorporated as a condition of supervised release. Thus, the government's reliance on *Lussier* and *Hatten* is misplaced.