**UNITED STATES of America**

v.

**Robert H. SARVIS**

**No. 1:93–CR–19–01.**

United States District Court, D. Vermont.

May 11, 2000.

Barry Goldman, U.S. Department of Justice, Criminal Division, Fraud Section, Washington, DC, for Plaintiff.

Robert H. Sarvis, pro se, Brattleboro, VT, for Defendant.

## RULING ON DEFENDANT'S MOTION TO MODIFY
## CONDITIONS OF SUPERVISED RE-LEASED
(paper 90)

MURTHA, Chief Judge.

Defendant Robert Sarvis asks the Court to modify the amount of a restitution order imposed as part of his sentence for bank fraud and submitting false statements to federally-insured banking institutions in Vermont and Massachusetts. The amount of restitution was set at $12,177,059.81. Defendant requests a reduction to $15,000. Because payments toward satisfaction of the restitution order were made a condition of defendant's supervised release, he seeks a reduction pursuant to 18 U.S.C. § 3553(e)(2) which authorizes the Court to modify conditions of supervised release. The Court has considered defendant's motion in light of the factors listed in 18 U.S.C. §§ 3553(a)(1), (a)(2)(b), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). Upon careful review, defendant's motion to modify conditions of release is DENIED.

*Background*

At his sentencing in March 1995, defendant was ordered incarcerated for 46 months and to make restitution totaling $12,177,059.81. The sum is equal to the losses suffered by various banks in Massachusetts and Vermont as a result of defendant's crimes. Defendant chose not to appeal his sentence and it is properly considered final.

The sentencing court made payment of restitution one of defendant's conditions of supervised release and the United States Probation Office was authorized to set an appropriate schedule for payments. Currently, Probation requires defendant to pay 10% of his annual income toward satisfaction of the restitution order.

In April 1999, defendant filed his initial motion to modify conditions of release requesting the amount of restitution be reduced. In a margin-endorsed ruling, this Court denied defendant's motion without comment. Defendant appealed to the Second Circuit, arguing this Court failed to properly consider 1) whether the amount of restitution set as part of his sentence was properly calculated and 2) whether his change in financial circumstances warranted a modification of the conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2).[1]

The circuit court rejected outright the first argument, holding the court lacked jurisdiction to entertain a motion that attacked the legality of the restitution portion of a final sentence. Conversely, the circuit court found the second argument persuasive and remanded defendant's motion for consideration of whether defendant's financial circumstances warrant a modification of the conditions of his supervised release.

*Discussion*

On remand of defendant's motion, the parties' submissions present a threshold

---

1. 18 U.S.C. § 3583(e)(2) reads in pertinent part that the court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...."

question: may a district court, in an exercise of its power to modify the conditions of supervised release under § 3583(e)(2), modify the *amount* of a restitution order handed down as part of a defendant's sentence? The Second Circuit has yet to directly address the question.[2]

At play are two doctrines grounded in federal statutes. The first recognizes that a restitution order stands as a part of a sentence and thus may be amended only in exceptional circumstances. *See* Fed. R.Crim.P. 35. The second implies that conditions of supervised release are subject to modification. *See* 18 U.S.C. § 3583(e). These doctrines are not generally in opposition. However, an inescapable tension arises when, as in this case, a restitution order is made part of a sentence *and* the payment of said restitution is also made a condition of supervised release.

At the outset, the Court notes that the Ninth Circuit recently became the first of our sister circuits to directly address this issue, albeit in a slightly different context. In *United States v. Miller,* 205 F.3d 1098 (9th Cir.2000), defendant sought to have reduced, pursuant to § 3583, a $6000 fine (as opposed to a restitution order) imposed at sentencing, payment of which was also made a condition of his supervised release. *See id.* at 1100. The district court agreed with the government's argument that it lacked jurisdiction to modify a fine that was imposed as a part of final sentence. *See id.*

The Ninth Circuit reversed, holding that where payment of a fine is made a condition of supervised release " § 3583(e)(2) gives the district court the power to modify that portion of the fine." *Id.* at 1100. The Court concluded that " § 3583(e)(2) may be used to modify the requirement

that an individual pay any portion of a fine which is made an express condition of supervised release." *Id.* The *Miller* court's ruling logically applies with equal force to the question of whether § 3582(e)(2) authorizes a court to reduce a restitution order.

The Ninth Circuit's holding has long been intimated by other circuits, including the Second. *See e.g., United States v. Berardini,* 112 F.3d 606, 611 (2d Cir.1997) (suggesting that district court has power under 18 U.S.C. § 3583(e) to remit a defendant's obligation to make further restitution); *United States v. Springer,* 28 F.3d 236, 239 n. 2 (1st Cir.1994) (finding no reason why sentencing court could not modify restitution order during supervised release if it proves "unreasonably onerous"). Nonetheless, there is some reason to question the Ninth Circuit's conclusion.

It is has been recognized that Congress "intended restitution to be an independent term of conviction, without regard to whether incarceration, probation, or supervised release were ordered". *United States v. Webb,* 30 F.3d 687, 691 (6th Cir. 1994). *Cf. United States v. Bok,* 156 F.3d 157, 166 (2d Cir.1998)(contrasting restitution ordered "as part of a sentence itself" with restitution "within the context of supervised release"). As the Court in *Webb* quite logically observed, making payment of a restitution order a condition of supervised release is intended only to provide "an efficient and relatively uncomplicated enforcement provision for orders of restitution". *Id.* at 690 (construing 18 U.S.C. § 3663(g)).

Proceeding from this view that a restitution order is part of a sentence, amending its amount after a final sentence is troublesome. Under the current Fed.R.Crim.P. 35, Congress has severely restricted a

---

**2.** In *United States v. Lussier,* 104 F.3d 32 (2d Cir.1997), the circuit court recognized the issue but declined to reach it. *See id.* at 34. With specific reference to Judge Winter's concurrence in *United States v. Porter (Porter I),* 41 F.3d 68 (2d Cir.1994), he expressed reser-

vations about setting onerous restitution orders at the time of sentencing. *See id.* at 72. As such, his opinion contemplated the legality of a restitution order—an issue barred from consideration here.

court's ability to amend a sentence. As the second circuit has recognized, in making recent changes to Rule 35, Congress sought "to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification." *United States v. Abreu–Cabrera*, 64 F.3d 67, 71 (2d Cir.1995) (quoting *United States v. Cook*, 890 F.2d 672, 674–75 (4th Cir.1989)). Allowing a modification of the amount of a restitution order simply because it is also made a term of supervised release does a certain violence to that Congressional goal. *Cf. United States v. Yankton*, 168 F.3d 1096, 1098 (8th Cir.1999)(finding that where defendant waives right to appeal the amount and terms of restitution in plea agreement or does not object at sentencing hearing, he has no recourse to complain of economic impossibility).

Despite the unsettled state of the law, the circuit court's mandate in this case nevertheless compels the Court to consider modifying the amount of defendant's restitution order pursuant to § 3583(e)(2). The circuit court remanded for consideration of whether defendant's financial circumstances warranted a modification of the conditions of his supervised release. In the motion subject to appeal, the only condition of supervised release that defendant sought modification of was the amount of his restitution order. By plain implication, the circuit has instructed this Court to consider whether defendant's financial circumstances warrant a reduction in the amount of the restitution order.[3] Despite misgivings, the Court proceeds.

### The Merits of Plaintiff's Motion

The Court notes from the start it is foreclosed from entertaining an argument that $12 million does not accurately reflect the loss caused by defendant's criminal conduct or that the amount was set too high in light of defendant's ability to pay. *See Lussier*, 104 F.3d at 34 (holding that § 3583(e)(2) does not provide for modification on grounds of illegality). The only issue before the Court is whether defendant's financial circumstances have changed since sentencing in a manner warranting reduction of his restitution order. The Court finds they have not.

In reviewing defendant's motion, the Court considers "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency" as set forth more specifically in 18 U.S.C. §§ 3553(a)(1), (a)(2)(b), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).[4] *Id.* at 35. None of these concerns would be served by a reduction in the payment of restitution as a condition of defendant's supervised release.

The Court finds that deterrence and public safety would only be undermined by allowing defendant to escape the totality of the debt he owes as a consequence of his crimes. Plaintiff already displays a worrisome lack of contrition as evinced by his continued attacks on the validity of his sentence and his prior claim in personal correspondence that the charges against him were spurious. *See Attachment to Opposition to Defendant's Motion to Modify conditions of Supervised Release* (paper 98)(letter of June 10, 1998 from defendant to Forest McMahon)(hereinafter "letter of June 10, 1998"). More importantly, the Court is unconvinced that plaintiff's rehabilitation is jeopardized because of the amount of his restitution order vis-a-vis his current financial status.

---

**3.** The government contends that the circuit court meant only to suggest that the Court must consider whether a modification of the *method* or *schedule* of payment is warranted, leaving the amount of restitution undisturbed. The language and posture of the circuit's mandate simply does not lend itself to that construction.

**4.** The Court doubts proportionality and consistency are legitimate considerations here. As much as they implicate the amount of the restitution order, they are considerations entrusted to the judge at sentencing. In any case, the Court is satisfied these factors do not militate toward a reduction in restitution.

As a condition of his supervised release, defendant currently is required to pay only 10% of his annual income toward satisfaction of the restitution portion of his sentence.[5] Under this regime, defendant's attempts at productive rehabilitation have hardly been crippled. He has obtained gainful employment as a college professor. He is pursuing a Ph.D. There is no reason to believe his progress will not continue.

The Court recognizes that, once supervised release is over, the parties to whom restitution is owed may move for collection of the balance of the restitution in the form of a civil action. *See* 18 U.S.C. § 3663(h).[6] Conceivably, resolution of the civil action could render defendant's restitution obligations more onerous. Nevertheless, the Court is satisfied that the statutory protections afforded judgment debtors will ensure that defendant's rehabilitation is not sidetracked by "overly draconian, ramifications." *Porter II,* 90 F.3d at 69–70.

Finally, the Court looks with a jaundiced eye at defendant's claims of enduring financial woes. Defendant is a man of considerable business acumen. Previous to his conviction, he acquired an impressive amount of resources—not of all of which were ill-begotten. In correspondence with third parties, he has trumpeted his extensive business experience and suggested he will in the future be able to provide job opportunities for friends. *See Letter of June 10, 1998.* These factors uniquely implicate the statutory purpose of restitution to make the victim whole "in the event [defendant] should subsequently come into sufficient funds." *United States v. Atkinson,* 788 F.2d 900, 904 (2d Cir.1986).

### Conclusion

General punishment goals would not be better served by reducing the amount of restitution owed as a condition of defendant's supervised release. Defendant's motion to modify conditions of supervised release is DENIED.

SO ORDERED.

---

5. The fact that defendant will not, at this rate, fulfill his restitution obligations by the end of his supervised release is of no moment. *See Porter II,* 90 F.3d at 70 (holding that inability to pay full amount of restitution upon the expiration of period of supervised release does not warrant reversal of restitution order).

6. Defendant's conviction and sentencing precede the effective date of recent amendments striking 18 U.S.C. § 3663(h).