**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mike Anthony GAINES, Defendant–
Appellant.**

**No. 00–50088.
D.C. No. CR 91–603 WMB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2001.\*\*

Decided Feb. 27, 2001.

---

\*\* The panel unanimously finds this case suit-
able for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.***

MEMORANDUM*

Mike Anthony Gaines ("Gaines") appeals the district court's order entered upon his admission that he had violated the terms of his supervised release. Gaines contends that the district court's order violates 18 U.S.C. § 3583(e)(2) as an impermissible extension of supervised release; alternatively, he argues that the district court only had the option of imposing a term of incarceration after revoking his supervised release under the authority of *United States v. Behnezhad*, 907 F.2d 896 (9th Cir.1990). We have jurisdiction pursuant to both 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

■ We review a district court's application of the supervised release statute de novo. *United States v. Cade*, 236 F.3d 463, 465 (9th Cir.2000). A district court's authority to reinstate an original term of supervised release is a question of law reviewed de novo. *United States v. Trenter*, 201 F.3d 1262, 1263 (9th Cir.2000).

On July 29, 1991, Gaines pled guilty to two counts of bank robbery and was sentenced to two concurrent terms of 45 months' incarceration, plus a three-year term of supervised release. Shortly after Gaines began his term of supervised release, he was arrested for commercial burglary, for which he was sentenced to a six-year term of imprisonment in state prison. Upon release from state custody in September 1999, Gaines was subject to a supervised release revocation hearing. The district court reinstated his three-year term of supervised release under the original terms and conditions imposed in 1991. It then modified the conditions of supervised release, requiring Gaines to reside in a community treatment center for up to 60 days.

■ We affirm because the district court neither extended Gaines' supervised release nor revoked it, but simply reinstated the original, three-year term. Gaines admitted to violating the condition of his supervised release that he obey all federal, state and local laws. This court has held that "district courts possess the authority under 18 U.S.C. § 3583(e) to reinstate a defendant's term of supervised release after the defendant has been found to have violated the conditions of that release." *Trenter*, 201 F.3d at 1264. Although Gaines' three-year term of supervised release began in September 1994, that term of supervised release was tolled while he was in state custody. *See* 18 U.S.C. § 3624(e); *United States v. Crane*, 979 F.2d 687, 691 (9th Cir.1992) (holding term of supervised release tolled while defendant was in state custody). Therefore, reinstatement of his original term of supervised release after his release from state custody does not amount to an extension of supervised release and does not violate 18 U.S.C. § 3583(e)(2).

■ Further, the record makes clear that the district court merely reinstated Gaines' original term of supervised release and did not revoke it. To the extent that the district court's subsequent written order creates any ambiguity as to whether supervised release was revoked rather than simply reinstated, the unambiguous oral pronouncement of the district court is controlling. *See United States v. Allen,*

---

*** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

157 F.3d 661, 668 (9th Cir.1998) ("In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment ..., this court has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant.") (internal quotation marks and citations omitted).

Because the district court did not revoke Gaines' supervised release, his reliance on *Behnezhad* is unavailing. *See Trenter,* 201 F.3d at 1264 (finding *Behnezhad* inapposite because "the district court did not revoke Trenter's original supervised release and then order a period of incarceration to be followed by another term of supervised release ... but simply reinstated Trenter's original term of supervised release"). In any event, *Behnezhad* has since been abrogated by the Supreme Court. *See Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).

■■■ Finally, the district court's modification of Gaines' supervised release neither extended nor effectuated a revocation of the original term of supervised release. Under 18 U.S.C. § 3583(e)(2), the district court had the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to ... the provisions applicable to the initial setting of the terms and conditions of post-release supervision." Residence in a community treatment center is a discretionary condition of supervised release within the authority of the district court. *See United States v. Bahe,* 201 F.3d 1124, 1125–26 (9th Cir.2000).

The district court's reinstatement and modification of Gaines' original three-year term of supervised release is therefore AFFIRMED.