# UNITED STATES of America, Plaintiff—Appellee,

v.

# Craig Martin WOLFF, Defendant— Appellant.

No. 03–50343.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Stephen G. Wolfe, Esq., Ron Cheng, AUSA, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Encino, CA, Craig Martin Wolff, Altadena, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Craig Martin Wolff appeals the district court's order entered upon his admission that he had violated the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see United States v. Trenter*, 201 F.3d 1262, 1263 (9th Cir.2000), and we affirm.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wolff first contends that the district court lacked the authority to revoke, reinstate, and modify his supervised release. This argument is unpersuasive. Upon Wolff's revocation of supervised release, the district court had the authority to impose a period of supervised release with the additional requirement of completing therapy at a community corrections center program. *See* 18 U.S.C. §§ 3583(e) and (h); *see also Johnson v. United States*, 529 U.S. 694, 713, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (analyzing §§ 3583(e) and (h) and rejecting the notion that revocation of supervised release precludes a district court from imposing another term of supervised release).

Wolff also contends that the reinstatement of supervised release under 18 U.S.C. § 3583(h) violates the Ex Post Facto Clause. The facts belie his contention. Ex Post Facto does not apply here because Wolff's criminal act took place after the enactment of the statute. *See* 18 U.S.C. § 3583(h) (1994); *Johnson*, 529 U.S. at 702 n. 4.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.