UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 8, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3473

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 98 CR 444-1 |
| DAVID MANDEL, *Defendant-Appellant*. | Ruben Castillo, *Judge*. |

**O R D E R**

David Mandel was convicted in 2000 of making a false statement to a financial institution. *See* 18 U.S.C. § 1014. He was sentenced to 12 months and a day of imprisonment to be followed by three years of supervised release, and was ordered to pay $243,350 in restitution and a $50,000 fine. He appealed his sentence, which we affirmed. *See United States v. Mandel*, 15 Fed. Appx. 369 (7th Cir. 2001). At that time Mandel did not challenge the restitution order. Then in March 2005, while on supervised release, Mandel moved to modify the restitution

---

[*] The parties have waived oral argument, and thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

order on the ground that the amount he was ordered to pay improperly includes consequential damages including attorneys fees. The district court concluded that it lacked jurisdiction to reduce the amount of restitution and directed that Mandel promptly pay the outstanding balance.

On appeal Mandel argues that the district court had jurisdiction to reduce the amount of restitution because he was on supervised release and his obligation to pay was made an express condition of his supervised release. In Mandel's view, all he was doing was asking the court to exercise its discretion under 18 U.S.C. § 3583(e)(2) to modify a condition of supervised release. As authority he cites *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000), in which the Ninth Circuit held that "§ 3583(e)(2) may be used to modify the requirement that an individual pay any portion of a fine which is made an express condition of supervised release." Whether the district court had jurisdiction to consider Mandel's motion is a question of law that we review de novo. *See United States v. De la Torre*, 327 F.3d 605, 608 (7th Cir. 2003).

A sentencing court retains authority to clarify or modify conditions of supervised release, including a condition requiring payment of restitution. *See* 18 U.S.C. § 3583(e)(2); *United States v. Lilly*, 206 F.3d 756, 761-62 (7th Cir. 2000). But despite his effort to recast what he wanted, Mandel wasn't asking the district court to modify the pertinent condition of his supervised release. That condition requires only that he *make payments* toward the unpaid balance while on supervised release; eliminating the condition would not have released his underlying liability, which arises not from the conditions of supervised release but from the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. *Cf. United States v. Daddato*, 996 F.2d 903, 905 (7th Cir. 1993) (repayment of drug buy-money not authorized by predecessor statute to MVRA, but may be independently ordered as condition of supervised release). Yet a partial release of liability—a declaration that a substantial portion of the restitution amount was imposed in violation of law—is what Mandel wanted from the district court. That relief was not available.

Absent a specific statute or rule, a district court lacks jurisdiction to revisit a sentence, *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). After the window for Mandel to appeal his sentence closed, no avenue was available to the district court to redetermine the appropriate amount of restitution. The governing statute permits a defendant to seek a revised payment schedule, but not a reduced obligation. *See* 18 U.S.C. § 3664(k) ("[T]he court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require."); *but see United States v. Turner*, 312 F.3d 1137, 1143 (9th Cir. 2002) (reading § 3664(k) as giving district court authority to "reduce restitution if it finds that a defendant's economic circumstances have changed"). It was too late for Mandel to

seek relief under Federal Rule of Criminal Procedure 35(a).  It was likewise too late for him to seek recourse under 28 U.S.C. § 2255, *see id.* § 2255 ¶ 6, though a challenge to his restitution order would not have presented a cognizable claim in any event, *see Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997).  The appropriate time for Mandel to have challenged the legality of the restitution calculation was on direct appeal, and § 3583(e)(2) cannot now serve as a substitute. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999); *United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).  Even the Ninth Circuit, despite its broad language in *Miller*, has concluded that "illegality is not a proper ground for modification" of a condition of supervised release.  *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Hatten* and *Lussier*).

AFFIRMED.