**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DENNIS WILLIAM EMMETT, AKA
Dennis Emmett,

*Defendant-Appellant*.

No. 13-50387

D.C. No.
2:07-cr-00134-
DDP-3

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
February 11, 2014—Pasadena, California

Filed April 17, 2014

Before: Dorothy W. Nelson, Richard A. Paez,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nelson;
Dissent by Judge Nguyen

## SUMMARY[*]

### Criminal Law

The panel vacated the district court's order denying an offender's motion for early termination of supervised release and remanded for further proceedings.

The panel held that the district court did not abuse its discretion by considering as one factor among others whether continued supervised release posed an undue hardship, and that the district court's duty to explain its sentencing decisions extends to requests for early termination of supervised release.

The panel held that the district court did not adequately explain its reasons for rejecting the offender's arguments in favor of early release, where the motion was denied without a hearing or any response from the government or probation office, and the only explanation in the record is the district court's order stating that the offender did not demonstrate undue hardship caused by supervised release. The panel wrote that this statement is not a sufficient explanation, where the offender did not argue that he faced undue hardship, and the panel cannot discern why the district court believed that the absence of due process was an adequate basis for rejecting the nonfrivolous arguments the offender did present. The panel wrote that the absence of undue hardship does not explain why the relevant 18 U.S.C. § 3553(a) factors do not weigh in the offender's favor.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Dissenting, Judge Nguyen wrote that the majority opinion gives short shrift to the "wide latitude" accorded to district courts in sentencing matters, and needlessly extends this court's case law in a manner that elevates form over substance.

## COUNSEL

James H. Locklin (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, California, for Defendant-Appellant.

Mark Remy Yohalem (argued) and Robert Edward Dugdale, Assistant United States Attorneys, Office of the United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Dennis Emmett (Emmett) appeals the district court's denial of his motion for early termination of supervised release. We conclude that the district court did not adequately explain its reasons for rejecting Emmett's arguments in favor of early termination, and therefore vacate the district court's order and remand for further proceedings.

## I. Background

Emmett pled guilty to one count of mail fraud on December 12, 2008, and was subsequently sentenced to fifty-one months of imprisonment and a three-year term of

supervised release. This conviction arose out of Emmett's participation in a scheme to trick victims into investing in fraudulent companies that claimed to purchase lottery tickets and distribute the proceeds to investors. Tens of thousands of people fell victim to this scheme, resulting in total losses between $14 million and $20 million.

Two years after Emmett was released from custody, he filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). Emmett argued that continuing his term of probation was a waste of resources because his offense was non-violent; he never violated his terms of supervised release; and the probation office was not providing him with training, medical care, or other correctional treatment.

The district court denied Emmett's motion five days after it was filed, and did so without holding a hearing or receiving a response from the government or the probation office. The order denying the motion reads, in full:

> Defendant Dennis Emmett's Ex Parte Application For Early Termination of Supervised Release (DOCKET NUMBER 227) filed on August 1, 2013 is hereby DENIED. Defendant has not provided any reason demonstrating that continuing supervised release imposes any undue hardship on defendant.

Emmett appeals the denial of his motion.

## II.  Standard of Review

Our decisions "have repeatedly held that a district court enjoys significant discretion in crafting terms of supervised release for criminal defendants."  *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).  Consistent with a district court's broad discretion in imposing terms of supervised release, the language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release.  18 U.S.C. § 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).  We therefore review the district court's decision for abuse of discretion.  *See United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996); *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011).

## III.  Discussion

Emmett claims that the district court abused its discretion by applying an incorrect legal standard, and by failing to provide a sufficient explanation for its decision.  We consider each argument in turn.

### A

It is an abuse of discretion to apply the wrong legal standard.  *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001).  Here, Emmett claims that the district court applied the wrong legal standard by refusing to grant early termination unless Emmett proved undue hardship caused by his supervised release.

The correct legal standard for deciding a motion to terminate supervised release is set forth in 18

U.S.C. § 3583(e).  The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* § 3583(e)(1).  The expansive phrases "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.  *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

The text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship.  District courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would "completely disregard[] the statute." *See Lowe*, 632 F.3d at 998–99 (concluding that a "general policy of refusing to consider motions for early termination of supervised release until the final twelve months of the defendant's probation" is not permissible under § 3583(e)).  Thus, if the district court had applied an inflexible rule requiring Emmett to prove undue hardship stemming from supervised release, that would have been an abuse of discretion.

Here, however, we cannot conclude that the district court abused its discretion by imposing an undue hardship requirement.  The district court's order did not state that a showing of undue hardship is a prerequisite to early termination.   In fact, the district court's order did not articulate *any* discernable legal standard, nor did it cite any authority.   Where a district court issues a discretionary

decision without setting forth the legal standard it applied, we will not presume that its decision rested on a misapprehension of the law. *See United States v. Garcia-Garcia*, 927 F.2d 489, 491 (9th Cir. 1991).

Instead, the district court's finding that Emmett failed to demonstrate undue hardship is best interpreted as one reason why early termination is not in the "interest of justice." 18 U.S.C. § 3583(e). Under the broad legal standard for granting early termination, it was not an abuse of discretion to consider as one factor among others whether continued supervised release posed an undue hardship.

Thus, we conclude that the district court did not abuse its discretion by applying an incorrect legal standard.

**B**

We next consider whether the district court had a duty to explain its reasons for rejecting Emmett's request for early termination of supervised release, and if so, whether it provided a sufficient explanation.

It is a general principle of federal sentencing law that district courts have a duty to explain their sentencing decisions. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc); *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). This duty exists for two distinct prudential reasons. First, explanations allow circuit courts to conduct meaningful appellate review of sentencing decisions. *Gall v. United States*, 552 U.S. 38, 50 (2007). Second, explanations "promote the perception of fair sentencing," *id.*, creating trust in sentencing decisions by reassuring the public of the judiciary's commitment to reasoned decisionmaking,

*Rita v. United States*, 551 U.S. 338, 356 (2007). The duty to offer a reasoned explanation applies to the initial sentence imposed by the district court, and also extends to rulings on requests for a sentencing reduction. *Carty*, 520 F.3d at 992; *Trujillo*, 713 F.3d at 1009.

A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.[1] First, the relevant statutory text is best interpreted to create a duty to explain. Section 3583(e) requires a district court to "consider[]" particular § 3553(a) sentencing factors, and explaining whether these factors weigh in favor of early termination is part and parcel of considering the factors. We reached this same conclusion when we interpreted almost identical language in 18 U.S.C. § 3582(c)(2). *Trujillo*, 713 F.3d at 1009 ("The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review.").

Our interpretation of § 3583(e) finds further support in the prudential concerns underlying the duty to explain sentencing decisions. Given that a grant or denial of early termination can be appealed, explanations are useful to ensure that the appellate process provides meaningful review. Moreover,

---

[1] Other circuits have reached conflicting results on this issue. *Compare United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013) (requiring no explanation), *with United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (holding that "although a court need not make explicit findings as to each of the factors, the record must reveal that the court gave consideration to the § 3553(a) factors"), *and United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (requiring a statement that the court has considered the statutory factors but not findings of fact).

because "a term of supervised release is part of a defendant's sentence," *Weber*, 451 F.3d at 559, explanations are important to preserve public trust in sentencing decisions. Because the interests protected by the duty to explain are fully implicated when a district court hears a motion to terminate supervised release, we readily conclude that a district court's duty to "consider" particular sentencing factors before granting or denying early termination implies that it also has a duty to explain its decision.

In light of our conclusion that the duty to explain extends to requests for early termination of supervised release, we must consider whether the record below contains a sufficient explanation for rejecting Emmett's motion. "What constitutes a sufficient explanation will necessarily vary depending on the complexity of the particular case[.]" *Carty*, 520 F.3d at 992. In each case, however, an explanation must be sufficiently detailed to permit "meaningful" appellate review, and it must state the court's reasons for rejecting "nonfrivolous" arguments. *Id.*; *see also Trujillo*, 713 F.3d at 1009 (recognizing that although "there is no mechanical requirement that a sentencing court discuss every factor . . . it may be clear from the court's experience and consideration of the record that the factors were properly taken into account," the sentencing court has an obligation to provide some explanation for why it has rejected specific nonfrivolous arguments). The required explanation is "most helpful" when it "come[s] from the bench, but adequate explanation in some cases may also be inferred from . . . the record as a whole." *Carty*, 520 F.3d at 992.

Emmett's motion was denied without a hearing or any response from the government or probation office, and the only explanation in the record is the district court's order

stating that Emmett did not demonstrate undue hardship caused by supervised release.[2]  This statement, standing alone, is not a sufficient explanation.  Emmett did not argue that he faced undue hardship, and without further explanation, we cannot discern why the district court believed that the absence of undue hardship was an adequate basis for rejecting the nonfrivolous arguments that Emmett did present.[3] Moreover, the absence of undue hardship does not explain why the relevant § 3553(a) factors do not weigh in Emmett's favor.  Thus, the single explanation in the record does not provide a reason for rejecting Emmett's arguments or explain why his request should be denied under the applicable legal standard.  We therefore vacate the district court's order and remand for further proceedings.  *Trujillo*, 713 F.3d at 1011–12.

On remand, the district court need not give an elaborate explanation of its reasons for accepting or rejecting Emmett's arguments, and it "need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992; *see also Trujillo*, 713 F.3d at 1010 (district courts must provide an "*explanation*, not merely

---

[2] The dissent claims that we "fault" the district court for not holding a hearing or receiving a response from the government or probation office. Dissent Op. at 17–18.  This is incorrect, and we do not suggest that a hearing or response was needed in this case.

[3] The dissent concludes that no further explanation was needed because Emmett's arguments "cannot possibly merit relief."  Dissent Op. at 16. The government conceded at oral argument, however, that Emmett's briefing—which cited all the applicable § 3553(a) factors, directly tethered its arguments to the statutory language of three of those factors, and put forward new facts not known at the time of the initial sentencing—provided a non-frivolous basis for granting relief.

*consideration*."). The record as a whole must, however, contain an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard. *Carty*, 520 F.3d at 992.

## IV. Conclusion

The district court's order is **VACATED**, and we **REMAND** for further proceedings consistent with this opinion.

---

NGUYEN, Circuit Judge, dissenting:

Dennis Emmett filed a bare-bones ex parte application which merely reargued, in little more than a page, matters already previously considered by the district court. As the majority correctly concludes, the district court applied the proper legal standard to deny Emmett's application. Yet, the majority nevertheless vacates the ruling on the ground that the district court failed to explain adequately its reasoning. Because the majority opinion gives short shrift to the "wide latitude" accorded to district courts in sentencing matters, and needlessly extends our case law in a manner that elevates form over substance, I respectfully dissent.

## I

## A

"In fashioning conditions of supervised release, a district court 'has at its disposal all of the evidence, its own

impressions of a defendant, and wide latitude.'"   *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006) (quoting *United States v. Williams*, 356 F.3d 1045, 1052 (9th Cir. 2004)).   And "[i]n light of this 'wide latitude,' we give considerable deference to a district court's determination of the appropriate supervised release conditions, reviewing those conditions deferentially, for abuse of discretion."  *Id.*  This significant degree of discretion also applies, of course, when the court is asked to modify or terminate supervised release. *United States v. Bainbridge*, — F.3d —, No. 13-30017, 2014 WL 878832, at *3 (9th Cir. Mar. 6, 2014).

Naturally, though, the court's discretion is not unbounded. *Weber*, 451 F.3d at 557.  Under 18 U.S.C. § 3583(e), the district court must "consider[]" the factors set forth at 18 U.S.C. § 3553(a), and explain its decision.  *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) (district court must explain initial sentencing determination). "However, we have held that there is no mechanical requirement that a sentencing court discuss every factor; even where a judge never mentions '§ 3553(a),' it may be clear from the court's experience and consideration of the record that the factors were properly taken into account."  *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013) (citing *Carty*, 520 F.3d at 995–96).  While the court should generally address "nonfrivolous" arguments raised by a defendant, the majority opinion fails to acknowledge that such arguments must also be "specific," *and* "tethered to a relevant § 3553(a) factor in support of a requested sentence[.]"  *Carty*, 520 F.3d at 992–93.

**B**

Now consider the facts of this case. The Presentence Report prepared by the probation office, and reviewed by the court prior to sentencing, extensively detailed the offense conduct, the relevant sentencing factors, Emmett's criminal history, and his personal and family history, including Emmett's health, educational, and employment background, and his financial condition. Thus, for example, the district court was informed that, over a period of four years, Emmett and his cohorts bilked tens of thousands of victims (mostly the elderly) out of their money, at least between $14 million to $20 million; that he faced a Guidelines sentencing range of 121 to 151 months; that he had a prior drunk driving offense; that he had training and experience in computer programming and consulting, but almost no assets; and, on and on. The sentencing briefing of the parties—over 30 pages of argument alone—further discussed every relevant facet of Emmett's life and anticipated sentence. The court ultimately sentenced Emmett to a substantially below-Guidelines sentence of 51 months, followed by a term of three years of supervised release, consistent with U.S.S.G. § 5D1.2(a)(2), and the mail fraud violation to which Emmett pled, 18 U.S.C. § 1341. No one contends that the court did so lightly, or that the court failed to consider carefully the extensive record before it prior to sentencing. It is against this backdrop that we must consider the court's disposition of Emmett's subsequent application for relief.

Ultimately, "[w]hat constitutes a sufficient explanation [by the district court of its sentencing decision] will necessarily vary depending on the complexity of the particular case[.]" *Carty*, 520 F.3d at 992. Emmett's application for early termination of supervised release is not

complex. In fact, there is nothing to it. When Emmett was originally sentenced, he did not object to the court's imposition of a three-year term of supervised release. Now, he has filed an application that, in little more than a page, mostly reiterates arguments already made at the time of sentencing, before the same district judge who originally sentenced him.[1] He presents virtually no information that was not already known to, and considered by, the court at the initial sentencing.

What does Emmett's 450-word filing actually say? First, he argues that further supervision is unnecessary because he has not reoffended and has complied with the terms of his sentence. That contention, which is not tethered to a § 3553(a) factor, is plainly meritless and does not require a response. On the day Emmett was sentenced, he was fully expected, and indeed legally required, to comply with the terms of his supervised release.[2] Next, Emmett generally

---

[1] Ironically, by contrast, Emmett's Opening Brief before this court spans 16 pages.

[2] A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Bauer*, No. 5:09-cr-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR-04-40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

reminds the court of "the nature of the offense, and the history and circumstances of the defendant"—the crime was nonviolent, he is now several years older, et cetera—all facts that were considered, and entirely foreseeable, by the court at the time of sentencing. Again, these observations are not supported by citation to any § 3553(a) factor, and do not warrant "explanation" from the court. Next, Emmett also notes that he is not receiving counseling or other care in connection with his supervision. That is not a revelation, either. Because Emmett refused to discuss substance abuse with the probation office on the advice of counsel, the court did not recommend that he receive counseling. The *only* new piece of information Emmett presents is the fact of his recent unemployment. And the only § 3553(a) factor Emmett specifically invokes is subsection (a)(2)(D), which pertains to the provision of training and counseling programs.[3]

It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release. *Weber*, 451 F.3d at 559 n.9 (citing *United States v. Weintraub*, 371 F. Supp. 2d 164 (D. Conn. 2005)). This is usually accomplished by alerting the district court to "unforeseen" or "changed circumstances" that implicate its initial sentencing decision and analysis. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). *See also* Fed. R. Crim. P. 32.1(b) Advisory Committee Note

---

[3] At argument, the government declined to characterize Emmett's arguments as outright "frivolous," but contrary to the majority opinion's suggestion, Maj. Op. at 10 n.3, the government did not concede that Emmett adequately invoked all of the § 3553(a) factors, or more generally, that *Carty* required the district court to respond to any such non-frivolous arguments.

(§ 3583(e) recognizes that the "sentencing court must be able to respond to changes in the [defendant's] circumstances as well as new ideas and methods of rehabilitation").  To be sure, changed circumstances are not necessarily *required* to warrant early termination—but that is so merely to preserve district courts' discretion, not to relieve defendants of their burden.  *See Bainbridge*, 2014 WL 878832, at *5.  Mere reargument of matters already considered by the court, and without citation to the relevant § 3553(a) factors, certainly borders on frivolous within the meaning of *Carty*, 520 F.3d at 992, and in any case, cannot possibly merit relief.

Here, the district court quite reasonably exercised its considerable discretion to deny Emmett's application summarily, commenting only that continued supervision would not entail any "undue hardship"—an apparent reference to the only arguable "changed circumstance," namely Emmett's unemployment, and his argument, citing § 3553(a)(2)(D), that the probation office is not providing him any vocational training.  If the court's order is terse, that simply reflects the scanty basis for Emmett's request.  So what more does the majority want the district court to address?  It does not say specifically, but the troubling implication of its opinion is that even when a district court receives a cursory application that merely reiterates known facts, without any identified connection to the relevant legal factors, it nonetheless must take the time to explain again why its prior sentencing decision still holds.

## II

To reach its conclusion, the majority relies heavily on *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013), but the comparison is completely inapt.  In *Trujillo*, the

defendant offered "fairly extensive arguments and evidence" in support of his request to modify his sentence pursuant to retroactive revisions to the Sentencing Guidelines. *Id.* Trujillo's arguments had never been raised previously to the district court, and concerned important changes in the law that might render his custodial sentence excessive and unjustly disparate. We found error because "[t]he district court did not address any of [these arguments], even to dismiss them in shorthand." *Id.* at 1010. This "total omission," we reasoned, did not permit meaningful appellate review. *Id.* (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)).

By contrast, nothing prevents appellate review here. The record is brief and undisputed. Under the majority view, if the district court had said, "I considered these facts already," would that have led to a different result? Presumably so, but isn't that already quite obvious from the record? The majority opinion ignores the flimsiness of Emmett's request, which leads it to an unreasonable conclusion.

Two additional points: First, the majority faults the district court for failing to hold a hearing, while ignoring that Emmett never requested one. Instead of a formal motion, Emmett chose to file an ex parte application with the apparent expectation that the court would handle it in chambers. Generally, no hearing is required if the court refuses to modify defendant's sentence. Fed. R. Crim. P. 32.1(c) (subject to exceptions, court must hold a hearing "[b]efore *modifying* the conditions of probation or supervised release" (emphasis added)); *see also United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) ("the rule does not compel the court to hold a hearing before *refusing* a request for modification"). Nor is a hearing required if the defendant

waives his request for one.  *See* Fed. R. Crim. P. 32.1(c)(2)(A).  Plainly, none was required here.

Second, the majority criticizes the district court's decision to rule without a response from probation or the government. But the court knew full well from Emmett's ex parte application that probation and the government opposed early termination.  *See* C.D. Cal. L. R. 7-19.1 (requiring statement of opposing counsel's position to be included ex parte applications).  And not even appellant contends that it was necessary or important for court to solicit the latter parties' views before adjudicating the motion.  Given the near total lack of anything new, I cannot find fault with the district court's view that a more formal objection from the government was unnecessary.

### III

In short, the majority's impractical, overly formalistic approach not only fails to give the usual "considerable deference to a district court's determination of the appropriate supervised release conditions," *Williams*, 356 F.3d at 1052, it also needlessly burdens our already overloaded district courts.  I must dissent.