**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-40933
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LARRY MICHAEL JEANES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

August 7, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Larry Jeanes appeals the denial of his motion for post-sentence modification of his term of supervised release. We affirm.


I.

In 1992, Jeanes pleaded guilty to each count of a three-count information charging him with violations of 18 U.S.C. § 922(g) (felon in possession of a firearm), 21 U.S.C. § 841(b)(1)(D)

(possession of marihuana with intent to distribute), and 18 U.S.C. § 924(c) (carrying a firearm during a drug-trafficking crime). He was sentenced to twenty-one months on counts 1 and 2, to be served concurrently, and sixty months on count 3, to be served consecutively.

In 1996, Jeanes filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in light of *Bailey v. United States*, 516 U.S. 137 (1995). Specifically, Jeanes challenged the evidence underlying his § 924(c) plea, arguing that the evidence did not support a finding that he actively employed the firearm. The district court vacated the § 924(c) judgment and sentence. Because Jeanes had already served more than twenty-one months, he was immediately released from custody and began his term of supervised release stemming from the remaining two counts.

Jeanes then filed a motion for post-sentence modification of his term of supervised release, arguing that the court should apply his good-time credits and time served to his supervised release term. The court denied the motion.[1]

## II.

The question presented is whether the district court erred in refusing to reduce Jeanes's term of supervised release. Jeanes

---

[1] The government argues that we lack jurisdiction over this appeal because Jeanes's notice of appeal was not timely filed. This argument is without merit, as the record indicates that Jeanes filed notice within 10 days of entry of judgment.

deploys two overlapping arguments: that the court should have reduced his term pursuant to the plain language of 18 U.S.C. § 3583(e)(1) and should have reduced his term by applying his time served and good-time credits that accrued during his incarceration for the § 924(c) count. We review for abuse of discretion. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995), *clarified*, 77 F.3d 811 (5th Cir. 1996).

A.

Jeanes argues that the district court abused its discretion by refusing to discharge him from his remaining term of supervised release pursuant to the statute's plain language. He points out that his conduct as a federal prisoner was exemplary and argues that the interest of justice warranted his release.

The district court, under § 3583(e)(1), may terminate a term of supervised release at any time after the defendant has served one year of supervised release. The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. These are largely the same considerations the court must assess when imposing the original sentence.

After weighing these factors, the court may discharge the defendant from supervised release "if it is satisfied that such

3

action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). In sum, the statute confers broad discretion.

The court noted that the probation office, should it find that Jeanes posed little danger to the community, could weaken his reporting requirements or otherwise modify the conditions of supervised release. Accordingly, the court concluded that keeping Jeanes under the continued supervision of the probation office was "a much better alternative than completely removing [him] from the Probation Office's supervision." Jeanes paints these remarks as an abdication of the court's responsibility to consider on its own the merits of his motionSSamounting, he says, to an abuse of discretion.

This is a mischaracterization: The district court explicitly considered such factors as Jeanes's exemplary conduct while in custody and the burden on his family stemming from continued supervision. These factors cut in favor of his claim. But the court also observed that Jeanes "is a convicted felon, and certain consequences flow from choices he has made." *See* 18 U.S.C. § 3553(a)(2)(B) (noting that district court must consider whether its decision will "afford adequate deterrence to criminal conduct"). Moreover, the court was agnostic as to whether Jeanes's discharge from supervision might pose a risk to the community. While lauding his behavior to date, the court was

4

careful to note that problems might arise in the future. Accordingly, the court determined that continued supervision was the wisest choice. *See* 18 U.S.C. § 3553(a)(2)(C) (holding that district court must consider whether its decision will "protect the public from further crimes of the defendant"). Given the foregoing, we do not agree that the court abused its discretion.

### B.

Jeanes asks that his time served and good-time credits on the now-vacated § 924(c) sentence be applied to reduce his term of supervised release. Although framed as a double-jeopardy challenge, his argument is essentially that he is entitled to reduction or termination of his supervised release term as compensation for the time served on the wrongful conviction and sentence.

Although we have yet to pass on the question, a similar situation was confronted in *United States v. Joseph*, 109 F.3d 34 (1st Cir. 1997). There, a defendant whose § 924(c) conviction was vacated sought to have his term of supervised release (stemming from a separate, valid conviction) reduced accordingly. The court rejected his claim, observing that "imprisonment and supervised release are designed to serve very different purposes." *Id*. at 38. The court explained:

> Rather than being punitive, supervised release is intended to facilitate "the integration of the violator

5

> into the community, while providing the supervision designed to limit further criminal conduct." Incarceration, to the contrary, does nothing to assist a defendant's transition back into society and is not a reasonable substitute for a portion of the supervised release term.

*Id.* at 38-39 (quoting U.S.S.G. ch. 7, pt. A, comment. (n. 4), p.s.) (internal citation omitted).[2]

We agree that incarceration and supervised release are not fungible. The supervised release term serves a broader, societal purpose by reducing recidivism. While substituting wrongful incarceration time for supervised release time may even the ledger from the defendant's perspective, it affects the public by eliminating the defendant's transition period.

We note that Jeanes's claim to a time-served offset is fully cognizable under § 3583(e)(1), which requires a district court to consider the "interest of justice" in deciding whether termination of a term of supervised release is appropriate. *See Joseph*, 109 F.3d at 39. So, in making its decision, a court may take into account the fact that a defendant served time under a wrongful conviction and sentence. Like the First Circuit, however, we opt not to invent some form of "automatic credit" as a means of compensation. *See id*. Claims of injustice or unfairness may properly be evaluatedSSas one factor among manySSunder the broad and general directive of § 3583(e)(1).

---

[2] *See also United States v. Love*, 19 F.3d 415, 417 n. 4 (8th Cir. 1994) (noting purposes of supervised release).

6

AFFIRMED.