UNITED STATES of America,

v.

Christobal MEDINA, Defendant.

No. 89 CR. 0592(RWS).

United States District Court,
S.D. New York.

Aug. 19, 1998.

Honorable Mary Jo White, United States Attorney for the Southern District of New York, New York City (Kim A. Berger, Asst. U.S. Atty., of counsel) for U.S.

Christobel Medina, Brooklyn, NY, pro se.

*MEMORANDUM OPINION*

SWEET, District Judge.

Christobal Medina ("Medina") has moved for an Order, pursuant to 18 U.S.C. § 3583(e), terminating the remaining period of his supervised release. For the reasons set forth below, Medina's conditions for supervised release are modified, and his motion to terminate the supervised release is denied.

*Prior Proceedings and Facts*

Indictment 89 Cr. 0592 was filed in August 1989, and charged Medina in three counts: (1) conspiring to distribute five kilos or more of cocaine in violation of 21 U.S.C. § 846; (2) distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C); and (3) intent to distribute approximately two kilograms of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1); 841(b)(1)(B); 845(a).

On April 4, 1990, following a jury trial, Medina was convicted on all three counts. On July 25, 1990, this Court sentenced Medina to a term of imprisonment of sixty months, to be followed by a term of eight years of supervised release on each of Counts One through Three of the Indictment, to be served concurrently. Medina was also required to submit to periodic drug testing once every sixty days during this period of supervised release.

The term of supervised release was imposed pursuant to 21 U.S.C. § 845(a) which provided for a term of at least twice any term of supervised release authorized by § 841(b) for a first offense. Since § 841(b)(1)(B) then provided for a term of supervised release of at least four years given the absence of a prior felony drug conviction in the defendant's criminal history, an eight year period of supervised release was the statutory minimum.

Medina was released from custody on September 15, 1995. By letter dated May 16, 1998, Medina has requested that this Court terminate the remaining five year period of his supervised release term.

*Discussion*

The Court may terminate Medina's period of supervised release if he has served at least one year, if considering several statutory factors as well as the defendant's conduct, it is in the interests of justice, and the government is given notice and an opportunity to be heard. The relevant statute provides:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—(1) terminate a term of super-

vised release and discharge the defendant released *at any time after the expiration of one year* of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e) (emphasis added) [hereinafter, the Release Statute]. The factors referenced in the Release Statute which the Court must consider are:

(a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced; and

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553.

The Federal Rules of Criminal Procedure relating to the modification of probation and referenced by the Release Statute, provides that:

A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected.

Fed.R.Crim.P. 32.1(b).

Medina bases his request to terminate the remaining period of supervised release on various accomplishments that he achieved during the period of his incarceration, including various construction projects, as well as the fact that since the time of his release, he has abided by the terms of his supervision and has been steadily employed. Medina also notes the Court's statement at his sentencing hearing that the mandatory guidelines regarding the length of time for imprisonment seemed excessive considering the circumstances of this case.

According to the Government, Medina's adjustment to supervision has been "quite satisfactory." Medina has a stable home environment; he currently lives with his girlfriend and their two children. Medina has secured gainful employment since his release, and is currently employed as a superintendent of the apartment building in which he resides, and as a carpenter. While under supervised release, Medina has submitted to drug testing every sixty days, each of which has been negative. Finally, since his release Medina has not had any other incidents with law enforcement.

The Government contends that, despite this favorable supervision history, Medina's supervised release term should be continued. They contend that termination is proper only in cases with a new or unforeseen circum-

stance, which may include exceptionally good behavior. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997) (determination of early release is a discretionary decision made by the district court, is not warranted as a matter of course, but is "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior").

The Government contends that although Medina has adjusted well to supervision, there are no new or exceptional circumstances sufficient to warrant a termination of Medina's supervise release term five years before that term is set to expire. They contend that the fact that Medina has complied with the terms of his supervision is commendable, but that ultimately that is what is expected of him.

Termination of Medina's supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule. However, considering the circumstances of this case, the Court grants leave to renew this application on the fourth anniversary of Medina's release.

In the meantime, the Government, with the consent of the Probation Department, has consented to a modification of the special condition requiring that Medina submit to drug testing every sixty days in light of the fact that Medina has tested negative on every occasion since his release. Accordingly, the drug testing frequency will be reduced to quarterly testing.

### Conclusion

For the reasons set forth above, Medina's conditions for supervised release are modified, and his motion to terminate the supervised release is denied.

It is so ordered.