UNITED STATES of America,

v.

Joseph S. CARUSO.

No. CR. 99-358.

United States District Court,
D. New Jersey.

Jan. 28, 2003.

Christopher J. Christie, United States Attorney, James B. Nobile, Assistant United States Attorney, Newark, NJ, for the United States of America.

Jeffrey C. Zucker, Sufrin, Zucker, Steinberg & Wixted, P.C., Camden, NJ, for Defendant, Joseph S. Caruso.

OPINION

ORLOFSKY, District Judge.

This case presents an issue which has not been frequently litigated in this District, or in the Third Circuit. Specifically, I must decide whether and under what circumstances a defendant's term of probation may be terminated early.

The facts and circumstances of this case are undisputed. After his trial on Hobbs Act extortion and federal bribery charges ended in a hung jury, Defendant, Joseph S. Caruso ("Caruso"), pled guilty on January 27, 2000, to a one-count Superseding Information charging him with conspiring to travel in interstate commerce to promote and facilitate a corrupt payment in violation of N.J. Stat. Ann. § 2C:27–2, and the Federal Travel Act, 18 U.S.C. § 1952, and in violation of 18 U.S.C. § 371.

On April 20, 2001, this Court sentenced Caruso to a term of probation of three years, the first six months of which were to be served under house arrest. The Presentence Report, to which no objection was lodged by either the Defendant or the Government, reflected a Total Offense Level of 13, a Criminal History Category of I, and a resulting Sentencing Guideline range of 12 to 18 months. At the time of sentencing, the Government moved for a downward departure from the otherwise applicable Sentencing Guideline range pursuant to Section 5K 1.1 of the United States Sentencing Guidelines, based on Caruso's substantial assistance in the investigation and prosecution of another individual. This Court granted the Government's motion for a downward departure,

and as noted above, sentenced Caruso to a three-year term of probation, beginning on April 20, 2001 and concluding on April 19, 2004.

On January 8, 2003, Caruso moved to terminate his probation early pursuant to 18 U.S.C. § 3564(c). Section 3564(c) provides:

> **Early termination**—The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year probation in the case of a felony, *if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice* (emphasis added).

Section 3553(a) provides:

(a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In support of his motion for the early termination of his probation approximately fifteen months before he would otherwise complete the thirty-six month term of probation originally imposed by this Court, Caruso has filed two Certifications, dated January 3, 2003 ("Original Certification")

and January 21, 2003 ("Reply Certification"), respectively. A review of Caruso's Certifications reveals that the principal reason for the filing of this motion for the early termination of his probation relates to Caruso's suspension from the practice of law by the New Jersey Supreme Court and the New York Court of Appeals. Following his plea of guilty, Caruso, who was a practicing attorney at the time of his guilty plea, was suspended from the practice of law by the Supreme Court of New Jersey for a three year period, retroactive to February 8, 2000. Thus, Caruso is eligible to reapply for admission to the bar of the New Jersey Supreme Court on February 8, 2003. Original Certification at ¶ 6. In New York, however, Caruso's suspension from the practice of law runs concurrently with his period of probation. Thus, in the State of New York, Caruso cannot reapply for admission to the New York bar until he completes his term of probation on April 19, 2004. Original Certification at ¶ 7.

The underlying offense to which Caruso pled guilty was a serious crime. Caruso, who at the time of the offense was a member of the bar of this Court and a municipal prosecutor in the City of Camden Municipal Court, participated in the solicitation of a bribe on behalf of the then Mayor of the City of Camden, Milton Milan, to reappoint Elliott S. Stomel, Esq., to the position of Camden Municipal Public Defender. At the time of the commission of this offense, Caruso held the position of Municipal Prosecutor, a position in which he was charged with upholding the law and protecting and serving the public. Notwithstanding the seriousness of Caruso's offense, this Court granted the Government's motion for a downward departure based upon Caruso's substantial cooperation and assistance to the Government in the prosecution of the former Mayor of the City of Camden, Milton S. Milan.

While there is not a great deal of reported decisional law analyzing motions for the early termination of probation pursuant to Section 3564(c), or the early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1), there is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior. *See United States v. Atkin*, 38 Fed. Appx. 196, 2002 WL 378076 (6th Cir.2002) (unpublished)[1], citing *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir.1997).

Recently, in the case of *United States v. Paterno*, 2002 WL 1065682 (D.N.J.2002), my colleague, Judge Bassler, was also confronted with a motion for the early termination of probation pursuant to 18 U.S.C. § 3564(c). In *Paterno*, the defendant had pled guilty to a one-count Information charging him with conspiracy to bribe a public official in violation of 18 U.S.C. § 371. Under the Sentencing Guidelines, the defendant faced a term of imprisonment from twenty-four to thirty months. In *Paterno*, as in this case, the Government moved for a downward departure based upon the defendant's substantial assistance. Judge Bassler granted the motion for a downward departure, sentencing the defendant to a probationary term of five years. In denying the defendant's motion for early termination of probation, Judge Bassler held:

> Defendant here has not exhibited any new or exceptional circumstances to jus-

---

1. In this case, as in *Atkin*, Caruso is not entitled to a hearing pursuant to Fed. R.Crim.P. 32.1(b) because this Court does not intend to revoke or modify the probationary sentence that was originally imposed.

tify termination of his probation. He has served nearly three years of his five year probation term. The Court notes that Defendant's sentence of five years probation was already a significant departure from the 24 to 30 month term of incarceration it could have imposed. *Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant* (emphasis added). 2002 WL 1065682 at *3.

Other courts, considering the analogous issue of early termination of supervised release, have reached the identical conclusion that mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination. *See Karacsonyi v. United States,* 152 F.3d 918, 1998 WL 401273 (2nd Cir. June 10, 1998) (unpublished); *United States v. Rasco,* 2000 WL 45438 (S.D.N.Y. Jan.19, 2000); *United States v. Yung,* 1998 WL 422795 (D.Kan. Jun.12, 1998); *See also United States v. Hardesty,* 2002 WL 731705 (D.Kan. April 2, 2002); *United States v. Herrera,* 1998 WL 684471 (S.D.N.Y. Sept.30, 1998).

While Caruso has generally complied with the conditions of his probation, there is nothing contained in the record before me of an unusual or extraordinary nature that would warrant the early termination of his probationary sentence. Moreover, this motion appears to have been prompted solely by the fact that Caruso will not be able to reapply for admission to the New York bar until he successfully completes his term of probation on April 19, 2004. This is hardly a changed circumstance which warrants the early termination of his probation. Caruso was certainly aware at the time of his guilty plea that he was likely to be suspended from the practice of law in both New Jersey and New York.

Congress has authorized federal courts to impose probation as an alternative to a term of imprisonment. Given the nature and gravity of Mr. Caruso's crime, conspiracy to solicit a bribe for a corrupt public official, it would indeed send the wrong message if this Court, based solely upon Caruso's compliance with the conditions of his probation, were to terminate his probationary sentence early. While the Court is certainly gratified that Caruso is complying with the terms of his probation and is attempting to reform his life, the suggestion that this Court should terminate Caruso's probation early merely to allow him to reapply for admission to the bar of the State of New York is a proposition, the mere statement of which is its own refutation.

Having considered the factors set forth in 18 U.S.C. § 3564(c), specifically, the "nature and circumstances of the offense," "the seriousness of the offense," "the goal of promoting respect for the law," "providing just punishment for the offense," and "to afford adequate deterrence to criminal conduct," I shall deny Caruso's motion for the early termination of his probation. The Court will enter an appropriate form of Order.

### ORDER

This matter having come before the Court on the motion of Defendant, Joseph S. Caruso, for the entry of an Order for Termination of Probation pursuant to 18 U.S.C. § 3564(c), Jeffrey C. Zucker, Esq., Sufrin Zucker Steinberg & Wixted, P.C., appearing for Defendant, Joseph S. Caruso, Christopher J. Christie, Esq., United States Attorney and James B. Nobile, Esq., Assistant United States Attorney, appearing for the United States; and,

The Court having considered the papers submitted by the parties;

For the reasons indicated in the Opinion accompanying this Order;

It is on this 28th day of January, 2003, hereby ORDERED that Defendant's Motion for Early Termination of Probation is DENIED.