**UNITED STATES of America,**

v.

**David McKAY, Defendant.**

**No. CR 99–309(ADS).**

United States District Court,
E.D. New York.

Jan. 10, 2005.

Rosalind Mauskoff, United States Attorney, by James Miskiewicz, Assistant United States Attorney, Central Islip, NY.

William J. Keahon, Esq., Island, NY, for Petitioner David McKay.

Ivan Rhunke, United States Probation Officer, Central Islip, NY.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This is an application by the defendant David McKay (the "defendant" or "McKay") for an order pursuant to 18 U.S.C. § 3583(e), for early termination of McKay's term of supervised release.

## I. BACKGROUND AND DEFENDANT'S CONTENTIONS

On March 5, 2001, McKay was sentenced to serve a 37–month term. After completing this term of incarceration, McKay was placed on supervised release for a three-year period. According to his counsel, McKay has completed fourteen months of his supervised release term. McKay now requests early termination of his threeyear supervised release sentence.

Reviewing the memorandum of law in support of McKay's request for early termination of his three-year term of supervised release, the Court discerns the following reasons advanced in support of this application:

1. McKay had a flawless record during his term of incarceration;

2. McKay complied with every request of the United States Probation Department;

3. McKay has a variety of health issues. However, "Dave remains as active as he can for sake of his children and grandchildren." (Defendant's Memorandum of Law at 2).

4. McKay is an active member of his community for many years and is active in many organizations such as the NAACP and the Masons;

5. McKay took full responsibility for his crimes when he pled guilty;

6. McKay has never used drugs and does not abuse alcohol;

7. McKay is a credit to his family and his community;

8. "His rehabilitation has been completed." (Defendant's Memorandum of Law at 3).

9. McKay has been meeting his restitution obligation;

10. Termination "would likely assist his efforts and his ability to spend time with and care for his family." (Memorandum at 5).

The Probation Department opposes early termination. In a memorandum, United States Probation Officer Ivan Ruenke states:

In response to your Honor's request dated December 28, 1004, the Probation Department does not recommend an early termination at this time. Though, we acknowledge Mr. McKay's compliance while under supervision, we do not feel that he has demonstrated any extraordinary actions to warrant termination.

## II. DISCUSSION

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge a defendant from supervised release "in order to account for unforeseen circumstances"). Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See Lussier, 104 F.3d

at 36. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. *Id.* This determination is within the discretion of the district court. *Id.*

When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). These factors are also weighed by the Court in determining the initial sentence. *See* 18 U.S.C. § 3583(e)(1); *Lussier,* 104 F.3d at 36 (the court must consider certain factors in section 3553(a) before ordering early termination of a term of supervised release).

After considering all the statutory factors, the Court finds that McKay has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" referred to in the precedents. McKay has resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents.

As stated in *Lussier,* early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." *Id.* at 36. Therefore, McKay is not entitled to early termination simply because he has successfully served a portion of his supervised release. While McKay's behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination. *See e.g. United States v. Rasco,* 2000 WL 45438, No. 88 CR 819 (S.D.N.Y. January 19, 2000). Model pris-

on conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

The Court notes, with approval, the language of United States District Judge Robert Sweet in *United States v. Medina,* 17 F.Supp.2d 245 (S.D.N.Y.1998)

Termination of Medina's supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.

Accordingly, McKay's application for early termination is denied.

**SO ORDERED.**