### UNITED STATES

v.

### Melvin WEINTRAUB

### No. 3:98CR0171(JBA).

United States District Court, D. Connecticut.

June 10, 2005.

Andrew E. Lauterback, Boston, MA, Christine L. Sciarrino, Jeffrey A. Meyer, Peter S. Jongbloed, Stephen C. Robinson, U.S. Attorney's Office, New Haven, CT, Sharon E. Jaffe, Levin & Glasser, Weston, CT, for United States.

## RULING ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [DOC. # 427]

ARTERTON, District Judge.

Melvin Weintraub, who was convicted after jury trial in October 1999 of five counts of illegal removal and disposal of asbestos at a construction site, moves for early termination of his supervised release. Although the United States Probation Office supports Weintraub's request, the United States Attorney's Office opposes the motion. For the following reasons, the motion will be denied.

### I. Factual and Procedural Background

Based on the Guidelines calculation in the Presentence Investigation Report, Weintraub faced a range of 41 to 51 months imprisonment. The Court departed downward significantly, and Weintraub was sentenced on May 11, 2000 to one year and one day in prison, followed by a three-year term of supervised release. The Court imposed a $250,000 fine, $12,000 in restitution, and ordered Weintraub to pay the costs of his incarceration and supervision. Judgment entered on May 15, 2000.

Weintraub began serving his term of incarceration in March 2002 and was released after serving approximately ten months on January 30, 2003. He has been on supervised release since then. He has paid the fine and restitution obligations of his sentence in full, and his probation officer reports that he has complied with all the other terms and conditions of his supervised release.

Weintraub now requests early termination of his supervised release, which otherwise will end in approximately seven months. His motion states that he "is now 77 years old and in poor health," having undergone heart surgery in February 2005. Mot. for Early Termination [Doc. # 427] ¶ 5. He further states that his "wife continues to suffer serious health problems in the wake of back surgery in December 2003." *Id.* ¶ 6.

### II. Standard

The Court may terminate the term of supervised release imposed on a felony defendant "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted

by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute instructs the Court to consider the following factors in making its determination:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines ...

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "Subsection 3583(e)(2), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir.1997).

The standards adopted by the Judicial Conference Committee on Criminal Law in March 2003 elaborate on the statutory criteria and recommend evaluation of nine specific factors when deciding whether to approve early termination of supervised release. *See* Monograph 109, *Supervision of Federal Offenders*. They are:

1. stable community reintegration (e.g., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance [sic] with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence ...

5. no recent arrests or convictions...

6. no recent evidence of alcohol or drug abuse;

7. no recent psychiatric episodes;

8. no identifiable risk to the safety of any identifiable victim; and

9. no identifiable risk to public safety ...

*Id.*

■ Applying the standards above, "[e]arly discharge or another form of modification is appropriate to 'account for new or unforeseen circumstances' not contemplated at the initial imposition of supervised release." *United States v. Rasco*, No. 88CR817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) (quoting *Lussier*, 104 F.3d at 36). Such relief is warranted only "[o]ccasionally," when "changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

■ However, "model prison conduct and full compliance with the terms of su-

pervised release is what is expected of [defendant] and all others serving terms of imprisonment and supervised release and does not warrant early termination." *Rasco,* 2000 WL 45438, at *2.

## III. Discussion

█ Weintraub offers no evidence of changed circumstances warranting early termination of his supervised release. Although he committed a very serious offense, the Court granted a significant sentencing departure reflecting his ill health, portrayed at the time as very grave. Weintraub again states that he is in poor health and that he underwent cardiac surgery in February 2005. His health, which was poor enough to warrant a substantial downward departure, has not been shown to have materially further declined to some substantially graver condition, and Weintraub does not argue that treatment for his condition has been hampered by his supervised release. The health problems of his wife are regrettable but likewise have not been shown to be affected by his supervised release in any way.

Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release. *Rasco,* 2000 WL 45438, at *2. Defendant has not shown additional "exceptionally good behavior" that would merit special consideration. *Lussier,* 104 F.3d at 36.

Several aspects of Weintraub's criminal conduct militate against early termination. First, his role in the offense was as a leader, serving as the head of a prominent real estate development concern during the offense of conviction. Second, the defendant's conduct placed the public and his low-level employees at risk of extremely serious health problems.

It is unknown whether Weintraub poses a further risk to the public. As a successful businessman before his conviction, he was not an obvious risk in the first place yet he committed a very serious crime. Weintraub has not shown that he has participated in construction projects since his release from prison in which he has complied with all environmental requirements, such as proper asbestos removal.

Therefore, although the Court commends Weintraub for his compliant behavior while on supervised release, it cannot find that either exceptionally good behavior or exceptional illness warrant early termination of further supervision.

## IV. Conclusion

Accordingly, defendant's motion for early termination of supervised release [Doc. # 427] is DENIED.

IT IS SO ORDERED.