Sean K. **FOLKS,** Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 1:03CR349.

United States District Court,
M.D. North Carolina.

June 14, 2010.

---

## MEMORANDUM AND ORDER

THOMAS D. SCHROEDER, District Judge.

On December 10, 2009, Defendant Sean K. Folks ("Folks") filed a *pro se* Motion to Terminate Supervised Release. (Doc. 42.) Folks seeks relief on the ground that "he has abided by all terms of his supervised release for a period exceeding one year and now seeks to be removed from super-

vised release." (*Id.*) The Government has not filed a response to Folks' motion.

On May 11, 1993, Folks was sentenced in this district in case number 2:92CR240–1 to one hundred and eight (108) months incarceration for possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). His sentence also included a ten year period of supervised release.

Folks was subsequently convicted of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in case number 1:03CR349–1 in this district. On March 12, 2004, the court entered judgment sentencing Folks to serve a twenty-four month prison term and a three year supervised released term as a result of that conviction. Also on that date, the court entered judgment finding Folks' conviction to be a violation of the terms and conditions of his supervised release from case number 2:92CR240–1. The court revoked Folks' supervised release and sentenced him to an additional thirty-six (36) months to run concurrently with the twenty-four (24) month sentence in case number 1:03CR349–1.

Section 3583(e) of Title 18, United States Code, provides:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant re-

leased and in the interest of justice;

18 U.S.C. § 3583(e). Thus, a court may terminate a term of supervised release under this section as long as the defendant has served at least one year of supervised release and the court considers the relevant section 3553(a) sentencing factors. *See United States v. Jeanes,* 150 F.3d 483, 484 (5th Cir.1998). These are largely the same factors as those considered by the original sentencing court. *Id.* The inquiry, however, is broader than the individual's conduct. *See United States v. Pregent,* 190 F.3d 279, 282–83 (4th Cir.1999) (noting that the phrase "and the interest of justice" gives the court latitude to consider factors other than the individual's behavior). Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997). The decision lies within the district court's discretion. *Id.; see Pregent,* 190 F.3d at 283 n. 4 (noting, without deciding, that the statute may be discretionary even when the conditions for termination are met).

Folks relies solely on *United States v. Spinelle,* 835 F.Supp. 987, 994 (E.D.Mich. 1993), *aff'd,* 41 F.3d 1056 (6th Cir.1994), in support of his contention that his request be "favorably viewed." (Doc. 42.) In that case, Spinelle pleaded guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(b)(1)(C). The court found that his "admirable post-arrest efforts" warranted a downward departure, and he was sentenced to 18 months imprisonment followed by three years of supervised release. Beginning with imprisonment, Spinelle embarked on an extensive journey of rehabilitation. While incarcerated, he attended an extensive number of courses and became a chemical dependency therapist. He authored a booklet on ways to induce therapeutic dialogue for use by substance abuse therapy groups, drafted two chemical dependency lectures, and participated in Narcotics Anonymous and Alcoholics Anonymous without missing a meeting in the seven-day-a-week course. After he was released to a half-way house, he worked for the Summer Workshop Awareness and Prevention Project, which provided group and drug therapy counseling to forty at-risk middle school students. While on supervised release, he was hired by the Community Commission on Drug Abuse to serve as an apprentice therapist/counselor on chemical dependency. In that capacity, he authored several state, federal and foundation grants for the Commission which led to the Michigan Department of Corrections obtaining funding of drug counseling programs for probationers. Because of his work, the Michigan Department of Public Health awarded him a scholarship to attend an intensive five-day workshop on writing proposals for grants, and he became licensed by the State as a professional counselor. The court termed his record "impressive." *Id.* at 990. As a result of Spinelle's efforts, the court terminated his supervised release early.

Folks, by contrast, has submitted absolutely no information in support of his motion. There is no indication that his situation is unusual or that he has taken any step to rehabilitate his life. In fact, he has presented no evidence of any change in any of the relevant section 3553(a) factors from the time of sentencing.

In the end, Folks seems to rely on the mere passage of time as justification for his early release. Unfortunately for Folks, he is a convicted felon, and certain consequences flow from the choices he has

made. This includes the consequence of supervised release as a result of his serious drug convictions. It is an unfortunate fact that drug traffickers released from prison (and even from supervised release) often return to their illegal activity. Indeed, that is precisely what Folks did after his conviction in case number 2:92CR240–1.

■ One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime. Accordingly, even "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay,* 352 F.Supp.2d 359, 361 (E.D.N.Y.2005); *accord United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) (noting that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); *United States v. Weintraub,* 371 F.Supp.2d 164, 167 (D.Conn.2005) (noting that "[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release"); *United States v. Caruso,* 241 F.Supp.2d 466, 469 (D.N.J.2003) (ruling that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination"); *United States v. Hardesty,* Case No. 95–20031–01–JWL, 2002 WL 731705 (D.Kan. Apr. 2, 2002) (rejecting arguments that defendant is "fully rehabilitated" and complied in all respects with post-release requirements and that continued release would serve "no meaningful and useful purpose").

The court has considered all the section 3553(a) factors relevant to Folks' case. Folks has provided no circumstance—unusual, exceptional or otherwise—to warrant its termination at this time. His offense is a serious one involving drug trafficking. His supervised release term continues to appear sufficient but not greater than necessary to deter criminal conduct and appropriate to protect the public from further crimes of the Defendant.

Therefore, having carefully considered Folks' arguments, IT IS ORDERED that his Motion to Terminate Supervised Release (Doc. 42) is DENIED.