UNITED STATES of America,

v.

Maria RUSIN, Defendant.

No. 11–CR–1091 (VM).

United States District Court,
S.D. New York.

Signed March 24, 2015.

Filed March 25, 2015.

.Andrew Daniel Goldstein, Daniel Ben Tehrani, E. Danya Perry, Justin S. Weddle, Nicole Ware Friedlander, United States Attorney's Office, New York, NY, for United States of America.

Henry Edward Mazurek, Clayman & Rosenberg, LLP, New York, NY, Robert Douglas Didio, Kew Gardens, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On January 11, 2013, Defendant Maria Rusin ("Rusin") pled guilty to obstruction of a health care fraud investigation, in violation of 18 U.S.C. § 1518. On June 14, 2013, the Court sentenced Rusin to three years of probation. Rusin has now completed approximately one year and nine months of her probation. By letter dated March 17, 2015, Rusin requested a re-

evaluation of her probation sentence, which the Court construes as a motion for early termination of her probation pursuant to 18 U.S.C. § 3564(c). (*See* Dkt. No. 789.) For the reasons set forth below, the Court denies Rusin's request.

## I. *LEGAL STANDARD*

Pursuant to Section 3564(c) of Title 18 of the United States Code, a court may "terminate a term of probation previously ordered and discharge the defendant ... at any time after the expiration of one year of probation in the case of a felony if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

■ In determining whether early termination of probation is warranted, a court must consider the "factors set forth in 18 U.S.C. Section 3553(a) to the extent that they are applicable." *Id.* Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553.

■ Early termination of probation "is not warranted as a matter of course." *See United States v. Gerritson,* No. 01 cr. 1081, 2004 WL 2754821, at *3 (S.D.N.Y.

Dec. 1, 2004). "Rather, the defendant must show that there is a 'new or unforeseen circumstance,' such as exceptionally good behavior." *Id.* (*citing United States v. Lussier,* 104 F.3d 32, 36 (2d Cir.1997)). Early termination is not warranted where a defendant did nothing more than that which he was required to do by law. *See United States v. Medina,* 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) ("Unblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); *see also United States v. Caruso,* 241 F.Supp.2d 466, 469 (D.N.J.2003) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation, rather this is simply what is expected of Defendant."); *United States v. Rasco,* No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 18, 2000).

## II. *DISCUSSION*

Rusin moves the Court for early termination of her probation because she has "been very diligent and prompt toward all mandatory meetings scheduled with [her] court appointed parole officer." (Dkt. No. 789.) The Court finds this argument unpersuasive.

■ "A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of [supervision]." *United States v. Flores,* No. 99 cr. 1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010). Rather, "full compliance with the terms of supervised release is what is expected of [the defendant] ... and does not warrant early termination." *Rasco,* 2000 WL 45438, at *1; *see also United States v. Caruso,* 241 F.Supp.2d at 466 (applying

the same standard to early termination of probation).

Having considered Rusin's letter, the circumstances of Rusin's conviction, and all other relevant factors under 18 U.S.C. § 3553(a), the Court concludes that Rusin has not presented an exceptional case warranting early termination of probation. Her submission establishes only that she has done that which the law requires of her, which, though commendable, is not exceptional and therefore is insufficient to warrant early termination of probation.

### III.  *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 789) of defendant Maria Rusin under 18 U.S.C. § 3564(c) for early termination of her probationary sentence is **DENIED**.

**SO ORDERED.**