# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60229
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
January 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM T. TACKER, II,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-40-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William T. Tacker, II, former federal prisoner #12960-042, appeals the district court's denial of his motion for early termination of his supervised release. He asserts that the district court abused its discretion in denying his motion, gave no indication that it considered his arguments that he met all the requirements and appropriate considerations set forth in 18 U.S.C. §§ 3583 and 3553, and instead focused on his outstanding restitution obligation. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60229

contends that the district court abused its discretion by denying his motion when another court granted his codefendant's less-deserving motion. Finally, he contends that the district court's perceived practice of denying early termination to anyone who has a restitution obligation is inconsistent with the spirit of §§ 3583 and 3553 and a 2012 memorandum by Judge Robert Holmes Bell to all federal district courts encouraging early termination of supervised release.

The district court did not abuse its discretion in denying Tacker's motion. Although the district court indicated that Tacker's restitution obligation was substantial, the record does not reflect that the district court based its decision solely on Tacker's restitution obligation. The district court considered all of Tacker's arguments, but concluded that early termination of his supervised release term was not warranted under the circumstances. Further, Tacker has not shown that the district court has a policy of denying such motions in all cases in which the defendant has an outstanding restitution obligation. In view of the district court's broad discretion and the requirement that the court consider the factors as they apply to each individual case, Tacker has not shown that the district court abused its discretion. *See United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998).

AFFIRMED.

2