# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2022

Lyle W. Cayce
Clerk

No. 21-50164
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MAURO CASTANEDA PALACIO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-302-1

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Mauro Castaneda Palacio, former federal prisoner # 39711-180, was convicted by a jury of attempted enticement of a child. The district court sentenced him to 120 months of imprisonment and 10 years of supervised release. The district court later revoked his supervised release and sentenced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50164

him to 24 months of imprisonment and 10 years of supervised release. Palacio did not appeal the revocation or his revocation sentence. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for termination or modification of supervised release pursuant to 18 U.S.C. § 3583(e).

By moving to proceed IFP, Palacio is challenging the district court's certification decision that this appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Palacio has not adequately articulated a nonfrivolous ground for challenging the district court's denial of his motion with respect to termination of supervised release, *see United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998), or modification of the conditions of supervised release, *see United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.