# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40646
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEE MARVIN KOERNER,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-148-1

————————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Lee Marvin Koerner appeals the district court's denial of his second motion to terminate his supervised release under 18 U.S.C. § 3583(e)(1). He claims that the district court abused its discretion because the court did not read or consider his arguments before denying his motion.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40646

At the outset, the Government contends that this appeal is subject to dismissal because Koerner's notice of appeal was untimely and, alternatively, the appellate waiver provision contained in his plea agreement applies. We decline to address either argument because this case can be resolved on its merits. *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018); *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

We review a district court's ruling on a motion to modify a defendant's supervised release for abuse of discretion. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). A "court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021) (internal quotation marks, brackets, and citation omitted). A district court has discretion to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

A district court "need not engage in robotic incantations that each statutory factor has been considered." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citation omitted). Here, the district court's order stated that Koerner's motion had not altered its reasoning that supervised release was necessary for public safety. *See* 18 U.S.C. § 3553(a)(2)(C). Considering the broad discretion afforded to district courts, the court did not abuse its discretion when it denied Koerner's second motion for termination of supervised release. *See Jeanes*, 150 F.3d at 484.

AFFIRMED.